**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory L. MARTIN, Sr., Defendant–
Appellant.**

**No. 96–1439.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 30, 1996 *.

Decided Oct. 28, 1996.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. *See* Fed.R.App.P. 34(a); Cir.R. 34(f).

Joel V. Merkel (Submitted), Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Daniel R. Schattnik, Unsell, Unsell & Schattnik, East Alton, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Defendant Gregory L. Martin, Sr. was convicted of arson involving a building used in interstate commerce, in violation of 18 U.S.C. § 844(i) and sentenced to fifty years imprisonment. Finding that the imposition of a fifty-year sentence exceeded the scope of the district court's discretion, this court vacated Martin's sentence and remanded for resentencing. *See United States v. Martin,* 63 F.3d 1422, 1434 (7th Cir.1995). We held that, "where a legislatively enacted sentencing scheme has expressly deprived a court of the possibility of imposing a life sentence, a sentence for a term of years exceeding the defendant's approximate life expectancy would ordinarily constitute an abuse of discretion." *Id.* On remand, the district court sentenced Martin to thirty years imprisonment. Martin again appeals his sentence. In light of the fact that Martin's life expectancy at the time of sentencing was found by the district court to be 25.9 years, we conclude that the district court's sentencing of Martin to thirty years imprisonment constituted an abuse of the court's discretion and once again remand the case for resentencing.

■ At resentencing, the district court calculated that a sentence of thirty years would result in a net sentence, assuming Martin earns his "good time," of 25.5 years, which the court found to be within Martin's life expectancy of 25.9 years. This court, in reversing Martin's original sentence, did not explicitly address the issue of whether "good-time" credits[1] should be taken into account in comparing the sentence imposed with the defendant's estimated life expectancy.[2] We did hold, however, that "*a sentence* for a term of years exceeding the defendant's approximate life expectancy would ordinarily

---

1. Under 18 U.S.C. § 3624(b)(1) (1994), a prisoner can earn a credit toward the service of the duration of the prisoner's sentence of 54 days per year. This credit is often referred to as "good-time" credit because the prisoner serving a term of imprisonment for a crime of violence will not earn the credit unless he has "displayed exemplary compliance with ... institutional disciplinary regulations...."

2. *See United States v. Prevatte,* 66 F.3d 840, 849 (7th Cir.1995) (Posner, C.J., concurring) ("*Martin* does not resolve these issues concerning good-time credits ..., and I interpret Judge Ripple's opinion for the court in the present case to leave them open as well. This is appropriate in light of the difficulty of the issues and the absence of briefing and argument directed to them and a factual record bearing on them.").

constitute an abuse of discretion." *Martin,* 63 F.3d at 1434 (emphasis added). We reiterate this holding and now clarify that it is the defendant's sentence, rather than the district court's estimate of the time that defendant may actually serve, that is to be considered in determining whether the sentence awarded exceeds the defendant's approximate life expectancy.

■ Our decision to reverse Martin's original sentence was based on our belief that a contrary holding would permit sentencing courts to evade the restrictions imposed by Congress in the pre–1994 version of 18 U.S.C. § 34, which authorized the imposition of life sentences, but only in those cases in which the jury so directed.[3] *See Martin,* 63 F.3d at 1434. Our holding that the sentencing judge's imposition of a term of years in excess of Martin's approximate life expectancy constituted an abuse of discretion was an attempt to give "real meaning" to Congress' decision to "impose ... limits on a district court's otherwise broad sentencing discretion." *Id.* This same respect for Congress' policy determinations supports our conclusion that sentencing courts should not consider good-time credits in determining whether the sentence imposed exceeds the defendant's life expectancy.

The good-time-credit statute provides that "[a] prisoner ... who is serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, shall receive credit toward the service of the prisoner's sentence...." 18 U.S.C. § 3624(b)(1). This provision is an express direction by Congress that good-time credits be made available to prisoners serving sentences other than natural-life sentences. Denying a prisoner who has been sentenced to a term, not defined by his natural life, the benefit of good-time credit is therefore contrary to this statutory direction. Congress, in enacting this provision, expressed its determination that these cred-

its further certain legislative policies, such as encouraging inmates to comply with prison regulations. *See generally* S.Rep. No. 98–225, at 57 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3240 ("If a prisoner is aware that his behavior will have a direct effect on his release date, he can set a personal goal for early release by demonstrating compliance with prison rules. Thus, prison discipline should improve greatly."). Because the good-time-credit system is provided by statute and designed to further legislative policies, the system should be respected by district court judges, rather than viewed as an obstacle to be overcome in imposing long sentences. *Cf. United States v. Fountain,* 840 F.2d 509, 517–23 (7th Cir.1988) (forbidding sentences designed to defeat parole-release system under former law). As the Supreme Court has stated, "Whatever views may be entertained regarding severity of punishment, ... these are questions of legislative policy." *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958).

We therefore vacate Martin's sentence and remand to the district court for resentencing with the direction that Martin be sentenced to a term less than his approximate life expectancy of 25.9 years. How *much* less than life the defendant serves will be determined in part by his own good behavior.

---

**3.** Martin was sentenced under the pre–1994 version of 18 U.S.C. § 844(i) which provided that a person convicted of destroying a building by fire and where death results "shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment as provided in section 34 of this title." The pre–1994 version of section 34, in turn, provided that: "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subjected also to the death penalty or to imprisonment for life, if the jury in its discretion so direct...."