**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory L. MARTIN, Sr., Defendant–
Appellant.**

**No. 97–1307.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 11, 1997 *.

Decided May 29, 1997.

W. Charles Grace (submitted), Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff-Appellee.

Daniel R. Schattnik, Unsell, Unsell & Schattnik, East Alton, IL, for Defendant-Appellant.

Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The district court's sentencing of defendant-appellant Gregory L. Martin is before this court for the third time. . Martin was convicted of arson involving a building used in interstate commerce in violation of 18 U.S.C. § 844(i). Under section 844(i), Martin could be sentenced by the district court to imprisonment for any term of years or, if the jury in its discretion so directed, to the death penalty or to imprisonment for life.[1] The jury did not recommend life imprisonment or the death penalty in Martin's case, and he

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. *See* Fed.R.App.P. 34(a); Cir. R. 34(f).

1. Martin was sentenced under the pre–1994 version of 18 U.S.C. § 844(i), which provided that a person convicted of destroying a building by fire where death results "shall be liable for any term of years, or to the death penalty, or to life imprisonment as provided in section 34 of this title." The pre–1994 version of § 34, in turn, provided that: "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subjected also to the death penalty or to imprisonment for life, if the jury in its discretion so direct. . . ."

was sentenced by the district court to a term of fifty years. Because Martin's life expectancy at the time of sentencing was 25.9 years, this sentence was the equivalent of a life sentence. In vacating Martin's sentence, this court held that, "where a legislatively enacted sentencing scheme has expressly deprived a court of the possibility of imposing a life sentence, a sentence for a term of years exceeding the defendant's approximate life expectancy would ordinarily constitute an abuse of discretion." *United States v. Martin*, 63 F.3d 1422, 1434 (7th Cir.1995).

On remand, the district court sentenced Martin to a term of thirty years, which, according to the district court's calculations, would result in a net sentence, assuming Martin earned his "goodtime" credit, of 25.5 years. Although this "net sentence" fell within Martin's life expectancy of 25.9 years, the sentence imposed likely would have deprived Martin of the benefit of any good-time credit he might earn. *United States v. Martin*, 100 F.3d 46, 48 (7th Cir.1996). Such a denial would be contrary to Congress' express direction that good-time credits be made available to all prisoners serving sentences other than life sentences. *Id.* We therefore again remanded the case to the district court with directions to sentence Martin to a term of years less than his approximate life expectancy. *Id.* How much less than life was left to the district court's discretion. *Id.*

On remand for the second time, the district court sentenced Martin to a term of twenty-five years, to be followed by five years of supervised release, a sentence which would result in Martin's being incarcerated for .9 years less than his estimated life expectancy. This sentence is the basis of the instant appeal, in which Martin contends that the district court abused its discretion by sentencing him to a term that was not "significantly less severe than a sentence of life imprisonment." There is, however, no such requirement in 18 U.S.C. § 34 and this court in vacating Martin's original sentence did not suggest otherwise. We held only that the defendant's life expectancy acted as an upper limit that constrained the district court's otherwise broad discretion to sentence a defendant to "any term of years." *See Martin*, 63 F.3d at 1434. We made no attempt to further define the parameters of the sentencing court's discretion and we decline do to so now. Any additional blanket limitations, such as the one suggested by defendant that the sentence be "significantly less severe than life imprisonment," would be an infringement on the district court's discretion to sentence a defendant to "any term of years" less than life. *See* 18 U.S.C. § 844(i) (emphasis added).

Further attempts to define precisely at what point a term of years becomes a life sentence, in addition to being an encroachment on the authority of the district court, are also of limited utility. Estimated life expectancy is just that—an estimate. The reality is that some persons live beyond their life expectancies while others do not. To hold that a defendant's sentence must be a certain number of years, or months less than his life expectancy would place unwarranted emphasis on a number that is itself only a rough approximation. The purpose of referring to these tables is merely to invalidate those sentences that are of such a duration that, given the age of the defendant, they are clearly the equivalent of a sentence of life imprisonment. Martin's original sentence of fifty years is an example. *See Martin*, 63 F.3d at 1434.

Martin's current sentence will result in his being in custody for .9 years less than his estimated life expectancy. As of sentencing, he had accumulated two years worth of credit toward his sentence for time served, making his sentence 2.9 years less than his life expectancy. Because he is sentenced to a term of years, not a life sentence, he is also eligible for "good-time" credit. This sentence cannot be said to be the equivalent of life sentence, under which Martin would have no possibility of release, and is therefore within the statutory authority of the district court. The judgment of the district court sentencing Martin to twenty-five years, to be followed by five years of supervised release, is therefore AFFIRMED.