MAXWELL, J.,
for the Court:
¶ 1. Brian Williams appeals the dismissal of his second motion for post-conviction relief (PCR). Because we find his motion is successive, not excepted from the procedural bar, and without merit, we affirm the circuit court’s dismissal.
Background
¶ 2. On October 26, 2009, Williams pled guilty to armed robbery and aggravated assault in the Sunflower County Circuit Court. He was sentenced to eighteen years on each charge, with five years suspended and thirteen years to serve, followed by five years of post-release supervision. The court ordered the sentences to run concurrently.
¶ 3. Williams filed his first PCR motion in February 2010. He claimed: (1) his right to a speedy trial had been violated, (2) his attorney had rendered ineffective assistance of counsel by failing to pursue his speedy-trial claim, and (3) the circuit clerk and district attorney had violated his due-process rights by withholding his “motion to dismiss charges for failure to provide a fast and speedy trial” from the court.
¶ 4. In April 2010, Williams filed a motion to stay the proceedings, seeking permission to amend his PCR motion to comply with the procedural requirements of Mississippi Code Annotated section 99-39-9 (Supp.2012) and to correct authorities he had cited in the standard of review. But the trial judge never ruled on this motion.
¶ 5. On May 23, 2010, while awaiting adjudication of his first PCR motion, Williams filed a second PCR motion. This second motion challenged the volun-tariness of his guilty pleas and presented additional arguments supporting his ineffective-assistance-of-counsel claim. Specifically, Williams claimed his attorney was ineffective for coercing him to plead *842 guilty and for allowing him to plead guilty when no factual basis supported the pleas.
¶ 6. In September 2010, the circuit court dismissed Williams’s first PCR motion. The judge first found Williams had provided no legal or factual support for his ineffective-assistance-of-counsel claim. And second, that, contrary to Williams’s assertion, his motion to dismiss on speedy trial grounds had not been withheld from the court. The court’s order did not address the additional issues Williams had raised in his second PCR motion.
¶ 7. Williams appealed, and we consolidated the issues on appeal as follows: (1) whether his guilty pleas were involuntary; (2) whether his attorney had rendered ineffective assistance of counsel by advising him to plead guilty and failing to pursue his speedy-trial claim; and (3) whether the trial judge had violated his federal and state rights to a speedy trial. Williams v. State (Williams I), 98 So.3d 1090, 1092 (¶ 6) (Miss.Ct.App.2012).
¶ 8. Though the trial judge had not ruled on Williams’s second PCR motion, which was still pending when Williams appealed the dismissal of his first motion, this court inadvertently addressed it, ruling on it as if it had been appealed. As to this second motion, we found Williams was barred from challenging the voluntariness of his guilty pleas because he had not raised the issue in his first PCR motion. Id. at 1092 (¶ 12). This procedural bar aside, we found Williams had failed to provide evidence that his guilty pleas had not been voluntarily given. Id.
¶ 9. As to his ineffective-assistance claim, we found Williams was procedurally barred from arguing his attorney had coerced his guilty pleas. Id. at 1093 (¶ 15). Williams had not presented this argument in his first PCR motion, and he provided no evidence to show his attorney’s alleged actions had caused him to plead guilty. Id. We also found, contrary to Williams’s insistence, that the circuit court had indeed considered and denied his speedy-trial motion. Id. at (¶ 16). And we held that, by entering valid guilty pleas, Williams had waived his constitutional and statutory rights to a speedy trial. Id. at (¶ 17). We therefore affirmed the circuit court’s dismissal of Williams’s first PCR motion.
¶ 10. Approximately five months before our decision in Williams I, on September 12, 2011, the circuit court entered an order dismissing Williams’s second PCR motion. Without addressing whether Williams’s motion was successive-writ barred, the circuit court found that Williams’s ineffective-assistance claim was baseless and that his guilty pleas had been freely and voluntarily entered. It is from this dismissal that Williams now appeals.
Discussion
¶ 11. We review the dismissal of a PCR motion under an abuse-of-discretion standard. Crosby v. State, 16 So.3d 74, 77 (¶ 5) (Miss.Ct.App.2009). We will only reverse if the circuit court’s decision was clearly erroneous. Id. (citing Moore v. State, 985 So.2d 365, 368 (¶ 9) (Miss.Ct.App.2008)). We review questions of law de novo. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004).
¶ 12. On appeal, Williams argues that the circuit court erred in accepting his guilty pleas where no factual basis was given. He also suggests he received ineffective assistance of counsel. Though neither party addresses the successive nature of Williams’s second PCR motion, we must consider this issue. And after doing so, we find his second motion to be successive and not excepted from the procedural bar. We also find it lacks merit.
*843 I. Successive Writ
¶ 13. Under the Uniform Post-Conviction Collateral Relief Act (UP-CCRA), an order “denying relief ... is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6) (Rev.2011). The movant bears the burden of “proving] by a preponderance of the evidence that his claims are not barred as successive writs.” Robinson v. State, 19 So.3d 140, 144 (¶ 16) (Miss.Ct.App.2009) (citing Carbin v. State, 942 So.2d 231, 233 (¶ 9) (Miss.Ct.App.2006)).
¶ 14. Williams’s present PCR motion is his second PCR motion. In affirming the dismissal of Williams’s first PCR motion on February 14, 2012, though the question was not properly before us, we found Williams presented no evidence that his guilty pleas were involuntarily given or that his attorney’s alleged actions had caused him to plead guilty. Williams I, 98 So.3d at 1092-93 (¶¶ 12-15). We should not have earlier addressed these issues because the trial judge had not yet ruled on Williams’s second PCR motion when Williams appealed the denial of his first PCR motion. However, it is without question that his second PCR motion is successive to his first. So we now look to see whether he has raised any viable exception to the subsequent-writ bar.
II. Exceptions to the Successive-Writ Bar
¶ 15. When a subsequent PCR motion is filed, “[t]he burden falls on the movant to show he has met a statutory exception.” White v. State, 59 So.3d 633, 635 (¶ 8) (Miss.Ct.App.2011) (citing Adams v. State, 954 So.2d 1051, 1053 (¶ 7) (Miss.Ct.App.2007)). “Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UP-CCRA.” Id. (quoting Rowland v. State, 42 So.3d 503, 507 (¶12) (Miss.2010)). “But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.” Id. at 636 (¶ 11) (citing Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.Ct.App.2010)). Williams fails to offer any reason that the successive-writ bar should not apply, and we find none. We also find no merit to his claims.

A. Involuntariness of Guilty Pleas

¶ 16. Williams argues his guilty pleas were involuntary because there was no factual basis given. We disagree.
 ¶ 17. Just as there is more than one way to skin the proverbial cat, there are numerous ways to establish a factual basis for a guilty plea. We have previously noted that a guilty plea may be factually undergirded “by a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant.” Turner v. State, 864 So.2d 288, 292 (¶ 17) (Miss.Ct.App.2003) (citing Corley v. State, 585 So.2d 765, 767 (Miss.1991)). And “if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea.” Drake v. State, 823 So.2d 593, 594 (¶ 6) (Miss.Ct.App.2002) (quoting United States v. Hinojosa-Lopez, 130 F.3d 691, 695 (5th Cir.1997) (overruled on other grounds)). To determine whether a factual basis exists, we consider the entire record. Id. at (¶ 5) (citing Corley, 585 So.2d at 767-68).
¶ 18. In Madden v. State, 991 So.2d 1231, 1235 (¶ 16) (Miss.Ct.App.2008), we found the indictment provided a sufficient factual basis for the defendant’s guilty plea, where it included the elements of the crime and alleged that the defendant “knowingly, wilfully, unlawfully!!,] and felo-niously” sold cocaine. Similarly, in Boddie *844 v. State, 875 So.2d 180, 183 (¶8) (Miss.2004), our supreme court found a factual basis to support the defendant’s guilty plea where the defendant had admitted his guilt to the crime alleged in the indictment and had acknowledged his belief that the State could prove his guilt beyond a reasonable doubt.
¶ 19. Here, when asked for a factual basis, the State read Williams’s indictment aloud. As to the armed-robbery count, the indictment charged that on or before August 31, 2006, Williams and three co-conspirators took money from David Gardner and Thomas Lott at gunpoint. The taking was allegedly against the will of the victims, who were placed in fear of immediate injury to their persons by the exhibition of a pistol, a deadly weapon. The aggravated-assault count alleged that Williams and his co-conspirators caused bodily harm to Lott by hitting him with the pistol. After the indictment was read, Williams admitted his guilt on both the armed-robbery and aggravated-assault charges. From this, we find the record contains an adequate factual basis to support Williams’s guilty pleas.

B. Ineffective Assistance of Counsel

¶ 20. Williams also contends his attorney was constitutionally deficient for advising him that, if convicted at trial, he would be sentenced to life imprisonment as a habitual offender, though he had not been indicted as a habitual offender.[1]
¶ 21. The Mississippi Supreme Court has consistently held that the UP-CCRA’s procedural bars “appl[y] to post-conviction relief claims based on ineffective assistance of counsel.” Crosby, 16 So.3d at 78 (¶8) (quoting Chancy v. State, 938 So.2d 267, 270 (¶ 11) (Miss.Ct.App.2005)). An ineffective-assistance claim requires showing: (1) counsel’s performance was deficient and (2) prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Though “[i]t is conceivable that under the facts of a particular case, ... a lawyer’s performance was so deficient, and so prejudicial to the defendant that the defendant’s fundamental constitutional rights were violated[,]” our supreme court “has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.” Smith v. State, 922 So.2d 43, 47 (¶ 9) (Miss.Ct.App.2006) (quoting Bevill v. State, 669 So.2d 14, 17 (Miss.1996)). However, we need not decide that issue today, as we find Williams fails to support his ineffective-assistance-of-counsel claim under Strickland with specific facts to overcome the strong presumption that his counsel’s performance was sufficient.
¶ 22. Undoubtedly, Williams was not charged as a habitual offender. And there is no hint of the enhanced penalty in either the indictment or plea petition. But the trial judge cautioned him that if she accepted his guilty pleas to armed robbery and aggravated assault, these convictions might in the future be used as predicate offenses for habitual-offender status, if Williams committed another felony of *845 fense. More pertinently, the record also shows the trial judge correctly informed Williams that if he proceeded to trial, he faced a maximum sentence of life imprisonment on the armed-robbery charge. And Williams acknowledged the same in his sworn plea petition. Thus, even assuming his attorney misspoke, the fact is Williams still faced life imprisonment if convicted at trial. And Williams knew it. So we cannot say any alleged misstatement by Williams’s attorney prejudiced his defense. Therefore, his claim is both procedurally barred and meritless.
¶ 23. Because we find Williams’s claims do not meet an exception to the successive-writ bar and are without merit, we affirm the dismissal of his PCR motion.
¶ 24. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Under Mississippi Code Annotated section 99-19-81 (Rev.2007):
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.