BARNES, J.,
for the Court:
¶ 1. Exso Chandler, appearing pro se, appeals the Circuit Court of Sunflower County’s dismissal of his motion to clarify his records. Through this motion, Chandler argues that he should be eligible for parole on his current sentence. We affirm the circuit court’s dismissal of his motion.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Chandler is an inmate in the custody of the Mississippi Department of Corrections (MDOC). Currently, he is serving a ten-year sentence for the crime of sale of cocaine. He committed this crime on December 12, 2008, in Scott County, Mississippi.
¶ 3. Chandler argues that he should be eligible for parole on his current sentence because his crime was not one with an “enhanced penalty” under Mississippi Code Annotated section 47-7-3(l)(h) (Rev. 2011). He filed this action in the Sunflower County Circuit Court in December 2011, styling his complaint as a “Motion to Clarify Records.” In the circuit court, it was established that Chandler had been convicted of simple assault of a police officer in 1983 and received a three-year sentence.[1] From court records, it also appears that Chandler pleaded guilty to misdemeanor possession of marijuana in 1983 and received a six-month sentence in the Scott County jail.
¶ 4. In 1993, the record shows Chandler was indicted for the crime of sale of cocaine, again in Scott County, as a second offender under Mississippi Code Annotated section 41-29-147 (Rev.2009). After a trial in 1994, he was convicted of the charge and was sentenced to twenty-five years in the custody of the MDOC.
¶ 5. In December 2008, after being released from his 1994 sentence and “out on parole,” Chandler committed the instant crime, for which he pleaded guilty. Chandler was sentenced to ten years in the custody of the MDOC. Chandler claims that it was not until July 2011 that he found out he had been deemed ineligible for parole by the MDOC.
¶ 6. In January 2012, at a pre-hearing conference, the State deemed him ineligible for parole because his prior offenses carried enhanced penalties. The circuit *855 court agreed, and dismissed his motion. Chandler now appeals that decision.
STANDARD OF REVIEW
¶ 7. The standard of review for questions of law is de novo. Williams v. State, 110 So.3d 840, 842 (¶ 11) (Miss.Ct.App.2013).
ANALYSIS
¶ 8. After the pre-hearing conference on Chandler’s motion to clarify, the circuit court issued an order finding Chandler was not eligible for parole on his current sale-of-cocaine sentence. We agree, but for a different reason than determined by the circuit court.
¶ 9. Section 47-7-3(l)(h) precludes parole for those inmates who are convicted after June 30,1995, except offenders
convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole.... For purposes of this paragraph, “nonviolent crime” means a felony other than homicide, robbery, manslaughter, sex crimes, arson, burglary of an occupied dwelling, aggravated assault, kidnapping, felonious abuse of vulnerable adults, felonies with enhanced penalties, the sale or manufacture of a controlled substance under the Uniform Controlled Substances Law, felony child abuse, or exploitation....
(Emphasis added). In the circuit court, the State and Chandler focused on the enhanced-penalty provision of this statute.[2] The simple reason Chandler is not entitled to parole is that section 47-7-3(l)(h) defines sale of a controlled substance as a crime of violence. Chandler pleaded guilty to the sale of cocaine in December 2008 and was sentenced to ten years. Accordingly, he is ineligible for parole on his current drug-sale conviction under section 47-7-3(l)(h).
¶ 10. Therefore, the circuit court properly dismissed Chandler’s motion, and Chandler is ineligible for parole on his current sentence.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The circuit court found Chandler had two convictions subject to enhanced-penalty status. First, his misdemeanor possession-of-marijuana conviction in 1983 caused him to be indicted on his first sale-of-cocaine charge in 1994 as a second offender under section 41-29-147. Thus, the court found this 1994 felony is subject to an enhanced penalty. Second, his sentence for the prior conviction of simple assault on a law enforcement officer was found to be an enhanced penalty since the status of Chandler's victim subjected him to a stiffer sentence. Both of these felonies, however, occurred prior to June 30, 1995, and would not make Chandler ineligible for parole for his current sentence.