CARLTON, J.,
for the Court:
¶ 1. Dillon Williams appeals the Marshall County Circuit Court’s dismissal of his second motion for post-conviction relief (PCR) as being successive-writ barred. Williams raises the following issues: (1) whether his video confession and guilty pleas were coerced and involuntary; (2) whether his attorney provided ineffective assistance of counsel; (3) whether there was a lack of evidence against him; and (4) whether his sentence was illegal. Williams filed his first PCR petition in August 2012, and he filed his second and successive petition in January 2013. Finding no error in the circuit court’s dismissal of Williams’s petition as a successive writ, we affirm.
FACTS
¶ 2. A Marshall County grand jury indicted Williams for Count I, burglary of a dwelling (home invasion); Count II, burglary of a dwelling with enhanced punishment; and Count III, aggravated assault with enhanced punishment. On November 10, 2010, Williams signed a plea petition in which he pled guilty to Counts II and III. Count I was retired to the files.
¶ 3. The dwelling house that Williams pled guilty to burglarizing in Count II belonged to Pasquealeen Crum, a ninety-one-year-old woman assaulted during the home invasion. During Williams’s sentencing hearing, Williams acknowledged that he had entered an open plea of guilty to two charges and that he had given investigators with the Marshall County Sheriffs Department a video confession on the day that law enforcement questioned him. Crum and one of her daughters also testified at the hearing and described the injuries that Crum sustained during the burglary, which included a fractured shoulder and permanent nerve damage to Crum’s face from a fractured eye socket and jaw.
¶ 4. Because Crum’s advanced age satisfied the statutory requirements for enhanced punishment for aggravated assault of an individual over sixty-five, the punishment for Williams’s aggravated assault was enhanced pursuant to Mississippi Code Annotated sections 97 — 3—7(2)(a) (Rev.2006), 99-19-351 (Rev.2007), and 99-19-357 (Rev.2007). On December 16, 2010, the Marshall County Circuit Court sentenced Williams to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) for the burglary of a dwelling. The circuit court sentenced Williams to serve an enhanced punishment of forty years for ag *995 gravated assault, which was ordered to run consecutively to the burglary sentence.
¶ 5. The circuit court dismissed Williams’s first PCR motion on August 24, 2012, finding that “it plainly appears from the face of the motions, exhibits, and prior proceedings that the defendant is not entitled to any relief.” Williams subsequently filed a second PCR motion, which the circuit court dismissed on January 10, 2013, finding that the motion was barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp. 2013).
¶ 6. Williams appeals the dismissal of his second PCR motion, seeking to withdraw his guilty pleas. He asserts the following: (1) that his video confession and guilty pleas were coerced and involuntary due to the Marshall County Sheriff Department’s use of false promises to obtain the confession; (2) that his attorney rendered ineffective assistance of counsel by failing to investigate the case more thoroughly; (3) that there was a lack of evidence against him regarding the conviction for aggravated assault pursuant to section 97-3-7(2)(a); and (4) that his enhanced sentence of forty years for aggravated assault was illegal because the sentence exceeded the punishment specified in Mississippi Code Annotated section 97-3-7(2) (Supp.2009).
STANDARD OF REVIEW
¶ 7. “When reviewing a circuit court’s denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are ‘clearly erroneous’; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Boyd v. State, 65 So.3d 358, 360 (¶ 10) (Miss.Ct.App.2011). The issue, of whether Williams’s PCR motion is procedurally barred as a successive writ is a question of law and is therefore reviewed de novo.
¶ 8. Under the Uniform Post-Conviction Collateral Relief Act (UP-CCRA), a motion that is filed after entry of a final judgment and that asserts the same issues is procedurally barred as a successive writ. See Williams v. State, 110 So.3d 840, 843 (¶ 13) (Miss.Ct.App.2013) (citation .omitted).[1] To proceed the movant must demonstrate by a preponderance of the evidence that his claims are not barred as successive writs. Id. Statutory exceptions exist to the UPCCRA’s procedural bars, but the movant bears the burden of showing that he has met one of the exceptions. Id. at (¶ 15). In addition, while errors that affect fundamental constitutional rights are excepted from the UPCCRA’s procedural bars, bare assertions regarding such violations are insufficient to overcome the procedural bars. Id.
DISCUSSION
I. Involuntary Guilty Pleas and Video Confession
¶ 9. Williams first argues that his guilty pleas and video confession were involuntary and coerced. Specifically, he asserts that the Marshall County Sheriff Department’s investigator “coer[c]ed and produced an illegal confession ... with the false promise that [Williams] could go home” if he confessed. Williams also asserts that investigators interrogated him for countless hours and left him in an isolated cell with no water, toilet, or toiletries.
*996 ¶ 10. When making a determination as to whether a plea is “voluntary and intelligent,” this Court looks at whether “the defendant knows the elements of the charge against him, understands the charge’s' relation to him, what effect the plea will have, and what sentence the plea may bring.” Willis v. State, 66 So.3d 740, 743 (¶ 9) (Miss.Ct.App.2011) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)).
¶ 11. Williams’s argument that his guilty pleas and video confession were coerced and involuntary is contradicted by his sworn guilty-plea petition and his sworn testimony during his sentencing hearing. On November 10, 2010, Williams signed a plea petition under oath in which he pled guilty to Counts II and III in the indictment against him, burglary of a dwelling with enhanced punishment and aggravated assault with enhanced punishment, respectively. The plea petition declared that Williams’s attorney had advised him of both the nature of the charges against him and the possible defenses to those charges. Williams’s petition further stated, “I understand by pleading guilty I am admitting that I did commit the crime charged in the indictment and that I am waiving all the rights set forth [in this] petition.” The petition also acknowledged in pertinent part the following:
I declare that no officer or agent of any branch of government nor any other person has made ... any promises or inducements of any kind to me or within my knowledge to anyone else that I will receive a lighter sentence, probation, early release^ or] any other form of leniency if I plead “guilty.” I have not been beaten, threatened, mentally or physically forced[,] intimidated[,] or coerced in any manner to plead guilty to the crime charged against me. I offer my plea of “guilty” freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment herein and in this [petition, and this plea is with the advice and consent of my lawyer.
In addition to his plea petition, Williams testified under oath during his sentencing at the circuit court hearing that he had entered an open plea of guilty to both burglary of a dwelling with enhanced punishment and aggravated assault with enhanced punishment and that he had spoken to investigators from the Marshall County Sheriffs Department and had given them a video confession. Although Williams’s plea petition “was not an oral statement in open court, ... it was a sworn document presumptively prepared with an appreciation of its fateful consequences.” Ward v. State, 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003). Similarly to statements made in open court, the plea petition “may be used to discredit post-plea allegations.” Id.
¶ 12. On appeal, Williams now offers only his unsubstantiated allegations as evidence that his guilty pleas and video confession were not voluntary and intelligent. However, as acknowledged, when he signed his sworn plea petition, and in his plea colloquy before the circuit court, Williams explicitly acknowledged that he made his guilty pleas voluntarily. In light of the admissions made both in his plea petition and during his sentencing-hearing testimony, Williams’s bare allegations raised now on appeal are insufficient to prove that his guilty pleas and video confession were coerced and involuntary. See Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990) (discussing the requirement of Mississippi Code Annotated section 99-39-9(l)(e) (Supp.2013) that the defendant provide evidence in his PCR motion to show “how or by whom his facts will be proven” and finding that the defendant’s bare alie- *997 gations failed to meet the pleading requirement). Accordingly, this issue lacks merit.
II. Ineffective Assistance of Counsel
¶ 13. Williams next argues that his counsel rendered ineffective assistance by failing to sufficiently investigate the facts of the case, including Williams’s allegations that personnel from the sheriffs department lacked probable cause to interrogate him and used false promises to obtain his confession. Williams also faults his counsel for not probing further into the elderly victim Crum’s statements regarding the burglary and her description of the perpetrators.
¶ 14., To succeed on a claim for ineffective assistance of counsel, Williams must prove two elements: (1) his attorney’s performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Williams bears the burden of proof for both prongs of the test. Leatherwood v. State, 473 So.2d 964, 968-69 (Miss.1985). Furthermore, a strong presumption exists that “counsel’s conduct is within the wide range of reasonable professional conduct” and that “decisions made are strategic.” Id. at 969.
¶ 15. We find that Williams fails to make the necessary showing for either prong of his ineffective-assistanee-of-coun-sel claim. Williams bears the responsibility for ensuring that the record is sufficient for this Court to review his issues. Sanghi v. Sanghi, 759 So.2d 1250, 1252 (¶ 8) (Miss.Ct.App.2000). However, he relies solely on the assertions in his brief and affidavit, unsubstantiated by anything else in the record, to support his claim for ineffective assistance of counsel, and Mississippi Supreme Court precedent holds that this showing is insufficient to prevail on an ineffective-assistance-of-counsel claim. See Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (“This Court has implicitly recognized in the [PCR] context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”). Moreover, the evidentiary issues Williams raises in asserting ineffective assistance of counsel were waived by him upon entering his guilty plea. See Brooks, 573 So.2d at 1352 (concurring with the circuit judge’s statement that “ ‘the issues raised by the defendant were waived upon his plea of guilty with the exception of the claim of ineffective counsel and the defendant has come nowhere near raising that issue as required by .... Strickland and its progeny’ ”). We therefore find that this argument lacks merit.
III. Lack of Evidence
¶,16. Regarding his third assignment of error, Williams claims that there was a lack of evidence against him as to the conviction for aggravated assault pursuant to section 97-3-7(2)(a). Section 97-3-7(2)(a) specifies that “[a] person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]” Williams’s indictment for aggravated assault tracks the language of the statute in stating that Williams “did unlawfully, willfully and feloniously, purposely and knowingly cause serious bodily injury to ... Crum, by violently striking and punching ... Crum .... ”
¶ 17. Williams argues, however, that no weapon was mentioned in the attack on Crum, that she was allegedly only struck with an open palm or fist, and that there were “no additional blows or strikes to support deadly intent[ ] or the inflicting of *998 serious bodily harm.” He further asserts that the evidence showed that Crum sustained no serious injury and, at most, he is only guilty of simple assault. However, the investigative report of the assault, which Williams attached to his brief, contradicts Williams’s assertions.
¶ 18. The investigative report noted that Crum had been hit repeatedly in the face, grabbed by the neck and forced into her laundry room, and then hit again all over her body and head. The report further noted that Crum had “an extreme amount of blood pouring from the back of [her] head” and “fresh bruises on the left side of her face.” Crum and her daughter also testified to Crum’s injuries during Williams’s sentencing hearing and stated that Crum sustained not only permanent nerve damage in her face but also a fractured shoulder, eye socket, and jaw.
¶ 19. As discussed earlier, Williams not only signed a sworn plea petition stating that he pled guilty to aggravated assault, but he also acknowledged his guilt in his open plea of guilty and his video confession during his senteneing-hearing testimony. Williams’s claim of lack of a weapon addresses sufficiency of the evidence under his mistaken belief that a weapon was required for the charge against him of aggravated assault. However, the law only requires means likely to produce serious bodily injury, and precedent reflects that a weapon is not necessary to satisfy this requirement. See Bright v. State, 986 So.2d 1042, 1049-50 (¶¶ 29-30) (Miss.Ct.App.2008) (discussing prior case law where the defendants inflicted injury by hitting and/or kicking the victims to support decision to uphold an aggravated-assault conviction where the defendant punched the victim in the face and kicked him). Additionally, as acknowledged under the discussion of the prior assignment of error, Williams’s guilty plea waived such evidentiary issues, including sufficiency of evidence. See Brooks, 573 So.2d at 1352-53 (ruling that the defendant waived any non-jurisdictional errors in the indictment when he entered a voluntary plea of guilty). We therefore find this issue is without merit.
IV. Illegal Sentence
¶ 20. Williams’s final assignment of error states that his enhanced sentence of forty years constituted an illegal sentence because the sentence exceeded the punishment set forth in section 97-3-7(2) of “a fine of not more than Five Thousand Dollars ($5,000.00) or ... imprisonment for not more than thirty (30) years, or both,” for aggravated assault upon someone sixty-five years of age or older. While Williams is correct that his sentence of forty years exceeds the maximum length of thirty years set forth in section 97-3-7(2) for the offense of aggravated assault upon a person sixty-five years or older, neither his indictment nor his sentencing order refer to this section of the statute. Instead, both the indictment and the sentencing order reference section 97-3-7(2)(a) for aggravated assault and sections 99-19-351 and 99-19-357 for enhanced penalties for crimes committed against elderly persons, and his sentence fails to exceed the maximum punishment set forth in these statutory sections.
¶ 21. The first statute referenced in Williams’s indictment and sentencing order, section 97-3-7(2)(a), provides that a person convicted of aggravated assault “shall be punished by imprisonment ... in the Penitentiary for not more than twenty (20) years.” The two remaining relevant statutes, sections 99-19-351 and 99-19-357, further provide that the punishment for a felony that is a crime of violence against a victim aged sixty-five years or older may be enhanced and that the en *999 hanced punishment may include “a term of imprisonment of up to twice that authorized by law for the offense committed .... ” In this case Williams’s aggravated-assault charge carried with it a maximum sentence of twenty years pursuant to section 97-3-7(2)(a). However, as set forth in sections 99-19-351 and 99-19-357, the authorized twenty-year sentence for aggravated assault was eligible for enhancement, and therefore, Williams’s forty-year sentence for aggravated assault against Crum was not illegal and falls within the sentencing guidelines authorized by the Legislature. Because the term of imprisonment that Williams received is provided for by statutory law, we find this issue is without merit.
CONCLUSION
¶ 22. Based upon the foregoing, we find that Williams’s arguments lack merit and fail to meet an exception to the successive-writ bar, and we affirm the circuit court’s dismissal of Williams’s PCR motion.
¶ 23. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. See also Miss.Code Ann § 99-39-23(6) (“[A]ny order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.”).