# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01903-COA

JOMORRIS THORNTON A/K/A JOMORRIS                     APPELLANT
LUSHUN THORNTON

v.

STATE OF MISSISSIPPI                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/21/2013 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOMORRIS THORNTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 12/02/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Jomorris Thornton appeals the judgment of the Wayne County Circuit Court summarily denying his motion for post-conviction collateral relief (PCR) and alleges error in the circuit court's summary denial.

¶2.     Finding no reversible error, we affirm.

## FACTS

¶3.     Thornton pleaded guilty to conspiracy to commit murder and to murder. The circuit

court sentenced him to a term of twenty years for the conspiracy-to-commit-murder conviction, and to life for the murder conviction, all in the custody of the Mississippi Department of Corrections, with the sentences to be served concurrently. Thornton filed a motion to vacate and set aside his conviction and sentence for murder, which the circuit court treated as a PCR motion. In the motion, Thornton alleged that he was denied effective assistance of counsel due to his trial counsel's (1) advice that he should take a plea bargain because he could receive the death penalty in light of the charges, and (2) failure to conduct an investigation to determine whether the State offered to pay money to a codefendant in exchange for evidence against Thornton.

¶4.     As stated, the circuit court summarily denied Thornton's PCR motion, leading to this appeal.

## DISCUSSION

¶5.     "We review the dismissal of a PCR motion under an abuse-of-discretion standard." *Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013). Reversal is proper only "if the circuit court's decision was clearly erroneous." *Id.* "We review questions of law de novo." *Id.* "In order for a plea of guilty to be binding upon a defendant it must have been voluntarily and intelligently entered." *Nichols v. State*, 955 So. 2d 962, 965 (¶6) (Miss. Ct. App. 2007).

¶6.     The seminal case addressing a defendant's burden of proof when he makes an allegation that his trial counsel was ineffective is *Strickland v. Washington*, 466 U.S. 668, 687 (1984), where the court opined:

2

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"This test applies with equal validity to challenges to guilty pleas." *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006).

¶7.     Thornton claims he was ill-advised when he was told that he was facing the death penalty. He contends that he would have stood trial if he had known that the maximum penalty was a life sentence, not the death penalty. However, we specifically note that during the plea colloquy the circuit court adequately informed Thornton:

COURT:          Do you understand that if convicted of murder, you could be sentenced to *life imprisonment*, and you also could be fined from zero to $10,000? Do you understand that?

THORNTON:       Yes, sir.

(Emphasis added).

¶8.     Moreover, in paragraph six of Thornton's guilty-plea petition it states that the maximum sentence for murder is life. The circuit court read paragraph six of the guilty-plea petition and noted that the court "may impose the same punishment as if [Thornton] had pled not guilty, stood trial and was convicted by a jury." The circuit court followed up and asked, "Do you understand that?" Thornton replied, "Yes, sir."

3

¶9. Based on Thornton's statements during the plea hearing, and the verbiage in the guilty-plea petition, we find that Thornton's guilty plea was entered voluntarily and intelligently. Even if trial counsel misinformed Thornton, the circuit court clarified any misconceptions. We find this argument without merit.

¶10. Thornton also claims that he was denied effective assistance of counsel because his trial counsel failed to investigate his belief that the State offered money to codefendant Angela Busby to induce her to testify against him. In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the United States Supreme Court said:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination of whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

We pretermit discussion of this issue in light of the fact that Thornton has failed to provide an affidavit, on appeal, from Angela affirming his belief that she was offered money to testify against him. We also note that Thornton failed to attach such an affidavit to his PCR motion that he filed in the circuit court. Furthermore, he does not identify the person representing the State who allegedly made the offer. Instead, Thornton offers only his bare assertions as to his belief, which are insufficient. It is firmly established that mere allegations are insufficient to entitle a defendant to relief in a post-conviction claim of ineffective assistance of counsel. *See Watson v. State*, 100 So. 3d 1034, 1040 (¶21) (Miss. 2012). We cannot find that Thornton was denied effective assistance of counsel. Accordingly, we affirm.

4

¶11.   THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.

LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.