# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00785-COA

**MICHAEL ANTHONY McDADE A/K/A**　　　　　　　**APPELLANT**
**MICHAEL A. McDADE**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　**APPELLEE**

DATE OF JUDGMENT:　　　　　　04/02/2019
TRIAL JUDGE:　　　　　　　　　HON. ROBERT THOMAS BAILEY
COURT FROM WHICH APPEALED:　LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:　　　MICHAEL ANTHONY McDADE (PRO SE)
ATTORNEY FOR APPELLEE:　　　　OFFICE OF THE ATTORNEY GENERAL
　　　　　　　　　　　　　　　BY:　DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:　　　　　CIVIL - POST-CONVICTION RELIEF
DISPOSITION:　　　　　　　　　AFFIRMED - 08/25/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.　Appearing pro se, Michael Anthony McDade appeals from the circuit court's denial of his second motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.　On November 20, 2008, McDade was indicted in Cause No. 658-08 by a Lauderdale County grand jury for armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2006) and robbery in violation of Mississippi Code Annotated section 97-3-73 (Rev. 2006). McDade was also charged as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2007). At the time of his arrest, McDade was on parole

from a life sentence in connection with a prior conviction for murder.[1]  The new robbery charge resulted in the revocation of his parole.

¶3.    On November 30, 2009, McDade filed a sworn "Petition to Enter Plea of Guilty" in Cause No. 658-08.  McDade pleaded guilty to robbery in violation of Mississippi Code Annotated section 97-3-73.  After conducting a hearing, the court accepted McDade's guilty plea.  McDade was sentenced to serve three years in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007) and ordered to pay court costs of $309.[2] The sentence was ordered to run consecutively to McDade's life sentence for the murder conviction.

¶4.    On December 3, 2012, McDade filed his first PCR motion in the Lauderdale County Circuit Court.  McDade cited newly discovered evidence, a violation of his right to due process, ineffective assistance of counsel, and a violation of his right against self incrimination as bases for his motion.  The circuit court denied his motion as frivolous, and McDade filed a "Notice of Appeal" on January 14, 2014.  On April 22, 2014, McDade filed a pro se motion requesting the dismissal of his appeal, which he determined was without merit.  This Court entered an order granting McDade's motion to dismiss on May 8, 2014.

¶5.    On October 25, 2018, McDade filed the current PCR motion and now seeks to

---

[1] McDade was charged and convicted of murder in Lauderdale County (Cause No. 1607-C).

[2] Mississippi Code Annotated section 99-19-81 precludes McDade from a sentence reduction or suspension as well as early release.

challenge the legality of his sentences and alleges numerous constitutional violations. Because we find that McDade's is barred from raising these issues, we decline to address the merits of his claims.

## STANDARD OF REVIEW

¶6. The standard of review for the denial of PCR motions is well settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (quoting *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

¶7. On its face, McDade's current PCR motion faces two major procedural hurdles—it was both untimely and successive.

¶8. As previously noted, McDade's first PCR motion, filed on December 3, 2012, was denied by the circuit court; the motion currently before us is McDade's second attempt at relief under the Uniform Post-Conviction Collateral Relief Act. But, "any order dismissing the petitioner's motion or otherwise denying relief under [the UPCCRA] is a final judgment and shall . . . be a bar to a second or successive motion under this article." Mississippi Code Annotated section 99-39-23(6) (Supp. 2009). "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013)).

¶9.    McDade's current motion was also filed outside of the applicable three-year statutory limitations period provided by the UPCCRA.  Miss. Code Ann. §99-39-5(2) (Rev. 2015). The record identifies November 30, 2009, as McDade's date of conviction.  The current motion was filed on October 25, 2018, nearly a decade later and well outside of the three-year window.

¶10.    McDade concedes that his current claims would ordinarily be barred, but he argues that his latest contentions involve fundamental rights and should be excepted from procedural bars.  Stated with more specificity, McDade claims that he is currently serving an illegal life sentence because the MDOC improperly "removed his parole eligibility date."  McDade alleges that because of the purported mistake, he served an illegal sentence from July 7, 2011, to September 3, 2014, and is due credit for the time served.  McDade further asserts that the State has infringed upon his Fourteenth Amendment right to due process; Fifth Amendment right to be free from double jeopardy; and his Eighth Amendment right to be free from the infliction of cruel and unusual punishment.

¶11.    We recognize that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Id*. (citing *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)).  However, neither McDade's exhibits nor the record evinces the alleged constitutional violations articulated in his briefs.  Instead, McDade relies on assertions, evidenced only by his "personal knowledge."  Absent supporting proof, his "[m]ere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Id*. (citing *Williams*, 110 So. 3d at 843 (¶15)).  Therefore, the circuit court properly dismissed

4

McDade's PCR motion as successive and time-barred.

## CONCLUSION

¶12.  McDade asserts constitutional violations that, if supported by evidence, might warrant exception to procedural bars.  But McDade's lone declarations are simply not enough.  Because McDade clearly fails to establish an excepted error, we must affirm the circuit court's dismissal of his successive and untimely claims.  Accordingly, and for the reasons stated above, we affirm.

¶13.  **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**