IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CP-00392-SCT

*THEODUS LINDSAY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/97 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LeFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED |
| DISTRICT ATTORNEY: | NOEL CROOK |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/13/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/3/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On October 10, 1993, Theodus Lindsay was indicted on charges of armed robbery for stealing a wallet at gun point in Leflore County, Mississippi. After Lindsay entered a plea of guilty before the Honorable Gray Evans, he was convicted and sentenced under Mississippi statute § 97-3-79 for a term of fifteen (15) years, ten of which must be served before he can be eligible for parole. Lindsay was informed of the results of the probable sentence he would receive on two separate occasions, once by the trial judge, and once by his attorney. His sentence is to run concurrently with a previous unrelated sentence.

¶2. Lindsay alleges he has the HIV virus, and the trial court accepted this allegation as fact in its denial of Post Conviction Relief. He further claims his attorney knew of his diagnosis but this fact was not disclosed to the judge at the time of sentencing.

¶3. On October 28, 1996, Lindsay entered a motion for Post Conviction Relief to vacate and set-aside his conviction and sentence. In support of this motion Lindsay is claiming that he received ineffective counsel and that the sentence he received was illegal because it was in effect a life sentence. On March 12, 1997, an order was issued by the Circuit Court of Leflore County,

Mississippi, dismissing Lindsay's motion. On April 29, 1997, Lindsay appealed the dismissal of his motion to the Mississippi Supreme Court. We find that Lindsay did not receive ineffective assistance of counsel and his allegation that he received an unlawful sentence is without merit.

## I. WHETHER LINDSAY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COUNSEL FAILED TO INFORM THE COURT OF DEFENDANT'S HIV STATUS.

¶4. Lindsay claims because his attorney did not reveal his HIV status, that his attorney was ineffective as counsel, and he was therefore denied his Sixth Amendment right to representation and Fourteenth Amendment right to due process. In a case that involves ineffective assistance of counsel, the test that governs is that which was set out by the U.S. Supreme Court in the case of *Strickland v. Washington*. This test has been adopted by this Court, and governs in this case. *Stringer v. State*, 454 So.2d 468, 476 (Miss. 1984). In order to prove that counsel was ineffective a defendant must show 1) counsel's performance was deficient, and 2) the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both parts of this test must be met for defendant to prove ineffective assistance of counsel. *Edwards v. State*, 615 So.2d 590, 596 (Miss. 1993). There is also a presumption that trial counsel is competent, and that counsel's conduct is reasonable. *Id.* at 596.

¶5. The claim that Lindsay's attorney gave deficient assistance arises out of his attorney's failure to reveal Lindsay's HIV status to the court, and his attorney's failure to tell him the possible sentence he may receive for pleading guilty. Upon review of the record, these claims are proven to be without merit. In the record, the trial court judge, the Hon. Gray Evans, states, "There is nothing in the record to suggest that defense counsel's performance was deficient when measured by the objective standard of reasonable professional competence." The lower court judge states that the defendant was told two times, once by the court and once by his attorney, that by pleading guilty, he would be required to serve ten (10) years.

¶6. In examining applicable case law, it is further shown that Lindsay's claims are without merit. The only affidavits in the record that suggest appellant's counsel was deficient are those filed by Lindsay. This is not enough to prove ineffective assistance. In a case involving Post Conviction Relief, this Court has held, "that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Vielee v. State*, 653 So.2d 920, 922 (Miss. 1995). *See also Brooks v. State*, 573 So.2d 1350 (Miss. 1990); *Smith v. State*, 490 So.2d 860 (Miss. 1986). Since that is all that the appellant offers, his claim of ineffective assistance must fail.

¶7. Another alleged deficiency of counsel is based on a conflict of interest problem. Lindsay contends that he was brought up on charges in juvenile court, and the judge that sentenced him in youth court is the attorney who represented him in this case. This fact is not supported by the record. Lindsay offers no evidence that would lead one to believe that even if this is true, this former association had a detrimental effect on his attorney's performance. In addition, according to the *Mississippi Rules of Professional Conduct*, a judge can represent a party that he has adjudicated over, as long as the case does not involve the same matter. *Miss. R. Prof. Conduct Rule 1.12 (a).* Since Lindsay's armed robbery conviction has nothing to do with his youth court conviction, it is clear that there is no conflict of interest because these cases do not involve the same matter.

¶8. In this case, Lindsay does not offer convincing arguments or evidence that could overcome this burden and prove that his attorney's performance was in some way deficient. Lindsay fails to prove his case meets the first prong of the *Strickland* test; therefore, it is unnecessary to examine the second prong. *Foster v. State*, 687 So.2d 1124, 1133 (Miss. 1996). Since the attorney's performance was not deficient, there is no reason to examine how that deficient performance was prejudicial to the appellant's case. *Id.* at 1133. Lindsay's claim of ineffective assistance of counsel lacks merit.

## II. WHETHER THE FIFTEEN (15) YEAR SENTENCE LINDSAY RECEIVED WAS IN EFFECT AN ILLEGAL LIFE SENTENCE BECAUSE IT WAS HANDED DOWN BY A JUDGE WITHOUT KNOWLEDGE OF LINDSAY'S HIV STATUS.

¶9. Lindsay also claims the fifteen year sentence he received is an illegal life sentence because it was handed down by a judge, not a jury, who had no knowledge of appellant's HIV status or his life expectancy. The appellant was sentenced under the Mississippi armed robbery statute, *Miss. Code Ann.* § 97-3-79 (1994), which states:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

*Miss. Code Ann*. § 97-3-79 (1994). When a jury fails to hand down a life sentence this statute sets the sentencing guidelines at no less than three years and a term of years less than life. Lindsay received a 15 year sentence with possibility of parole in ten years. This sentence fits into the guidelines set out by the statute as a lawful sentence. Also Lindsay's attorney was not deficient in neglecting to reveal appellant's HIV status. Because the sentence is allowed under the statute, Lindsay's attorney's legal representation was not deficient for failing to object. We find that the sentence Lindsey received is not a life sentence, even considering his HIV status.

¶10. The main contention by Lindsay was that the sentence he received was illegal because it amounts to a life sentence for him because he must serve 10 years mandatory time. Lindsay argues the average life expectancy of a person with HIV/AIDS is ten years, and because of this, his sentence exceeds his life expectancy. There is no proof to support this contention in the record.

¶11. In cases where the judge has in effect sentenced the defendant to a term of years that is basically a life sentence, the rule that governs in Mississippi is the one set out in the case *Stewart v. State,* 372 So.2d 257, 259 (Miss. 1979). The rule as set out by the *Stewart* case states, "...the trial court will make a record of and consider all relevant facts necessary to fix a sentence for a definite term [of years] reasonably expected to be less than life. The court should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence." *Stewart*, 372 So.2d at 259.

¶12. Lindsay cites *Stewart* because this Court overruled the sentence the lower court gave the defendant for armed robbery, stating it was basically a life sentence. *Id.* at 259. The *Stewart* case and

the case at hand, however, are two very different cases. The sentence the defendant in the *Stewart* case received was a seventy-five (75) year sentence, whereas the sentence appellant received in this case is fifteen (15) years. *Id.* at 258. The Court found that seventy-five years is a very excessive term of years and it is one that can be considered a life sentence. *Id.* at 259. Fifteen years is not an excessive sentence for armed robbery, and it is one that fits in the sentencing guidelines of the statute. This Court has found that sentencing," . . . is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." *Reynolds v. State*, 585 So.2d 753, 756 (Miss. 1991). *See also* **Wallace v. State**, 607 So.2d 1184, 1188 (Miss. 1992); **Berdin v. State**, 648 So.2d 73, 80 (Miss. 1994). Lindsay's sentence was not less than three (3) years, and it was for a term of years less than life. Because of this, the sentence that Lindsay received was within the statutory guidelines and the trial court did not abuse its discretion. Coupled with the fact appellant has already been convicted of two other crimes and the fifteen (15) year sentence was running concurrently with another sentence, Lindsay's sentence is not excessive nor is it a life sentence, but a sentence for a term of years.

¶13. Because of his life expectancy, Lindsay claims that had the judge known of his HIV status, then he would have received a much lighter sentence. Lindsay bases much of his argument on the assumption that people with HIV/AIDS have an average life expectancy of ten years. Nowhere within the record is there offered any proof from medical journals or other sources substantiating such a statement. Lindsay does state that he could have a doctor testify as to his status, but this does not substantiate his claim about the average life span of a person with HIV. Lindsay cannot argue his sentence is in effect a life sentence when he offers only opinion as to what that life expectancy will be.

¶14. This Court in several cases, has upheld sentences that neared what could be considered life sentences while taking into account the defendant's life expectancy. *Wilson v. State*, 390 So.2d 575, 580 (Miss. 1980); *Ware v. State*, 410 So.2d 1330, 1332 (Miss. 1982). In the *Ware* case, the defendant was given a 40 year sentence when he had an actuarial life expectancy of 40.51 years. *Ware*, 410 So.2d at 1332. Though the sentence neared the defendant's life expectancy, the evidence indicated that the defendant should receive every year possible. *Id.* at 1332.

¶15. In the *Wilson* case, the defendant was given a 20 year sentence when his life expectancy was 22 years. *Wilson*, 390 So.2d at 580. The *Wilson* case made reference to *Stewart*, in that the Court considered other pertinent facts which led the judge to decide that the defendant deserved a harsh sentence. *Id.* at 580. In *Wilson*, reference was made to the fact that though the sentence neared a life sentence, the defendant showed little remorse for what he had done, and he had not helped the police to catch his accomplices. *Id.* at 580. Because of this, his life expectancy was not weighed as heavily as the other pertinent facts. *Id.* at 580.

¶16. Life expectancy may be outweighed by other pertinent facts and is but one factor to consider. Besides armed robbery, Lindsay has been convicted of aggravated assault and sale of cocaine indicating appellant's criminal tendencies have not been diminished. The sentence appellant claims is illegal is lawfully allowed under the statute. At the time of sentencing, appellant made no effort to inform the court of his HIV status, and did not do so until he went to prison. This weighs heavily against Lindsay. Even though Lindsay may have HIV, it does not change the fact he committed a serious crime for which he must pay the penalty.

¶17. The fifteen year sentence appellant received was a lawful sentence under the sentencing guidelines of *Miss. Code Ann.* § 97-3-79 (1994) which is not an overly excessive sentence in view of Lindsay's conviction. For all these reasons, Lindsay's claim that the fifteen year sentence handed down by the trial court judge is an illegal life sentence is without merit.

¶18. Lindsay fails to meet the requirements of the two prong *Strickland* test to show ineffective assistance of counsel. The sentence appellant received is one which is lawful under the sentencing guidelines, and it is one that could not be considered a life sentence. For these reasons, we affirm the dismissal of appellant's motion for Post Conviction Relief.

¶19. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**