ON WRIT OF CERTIORARI

RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Eric Foster was sentenced to forty years after his conviction of armed robbery. Foster appeals his sentence. Finding no error, we affirm.

FACTS AND PROCEEDINGS BELOW

¶ 2. Foster was indicted for "... wilfully, unlawfully and feloniously tak[ing] ... the personal property of the Bank of Franklin, against [the victims’] will by violence to [the victims] or by putting [the victims] in fear of immediate injury ... by the exhibition of a deadly weapon....” The jury found the defendant guilty of armed robbery and was not instructed to recommend a sentence.
¶ 3. At sentencing, the trial judge heard and considered testimony of one victim’s harrowing experience and the traumatic effect the crime had on her life.[1] She testified that “[n]ever in a million years would I think that anybody in as evil of a world that we live in could be so callous as to do what you did with no concern.” The victim asked the court to sentence Foster to the same forty years received by his accomplice, D.J. Wilson, after his conviction on September 14, 2010.
¶ 4. In open court, petitioner’s response declaring his innocence (for the crime for which he had just been convicted) exhibited no remorse. After the victim finished her impact statement, Foster verbally and profanely told the victim, “you f* * *ed your own life up.”
¶ 5. The trial judge sentenced Foster to forty years, absent objection, taking into account “the seriousness of the crime, the impact on the victims, and the defendant’s prior conviction for aggravated assault and his age of thirty-five.” No actuarial, mortality, or life-expectancy tables were offered by Foster.
¶ 6. Foster filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for a new trial, neither of which challenged his sentence. Once again, Fos *1015 ter presented no actuarial, mortality, or life-expectancy tables to the trial judge and offered no argument that the failure of the trial court to consider same was error. The motions were denied.
¶ 7. On appeal to the Court of Appeals,[2] Foster raised, for the first time, that his sentence was illegal. The Court of Appeals held that Foster’s claim was procedurally barred, based on his failure to raise the issue before the trial court. Notwithstanding the bar, the Court of Appeals found that his sentence did not amount to an illegal sentence. We granted Foster’s petition for certiorari and limit our review to the issue presented on appeal, verbatim et literatim, “Is Foster’s sentence illegal?”

ANALYSIS

¶8. Despite making no objection before the trial court and presenting no tables of estimates, publications, or argument related to life expectancy, Foster belatedly argues that his sentence should be vacated because his sentence equates to a life sentence. Foster asks this Court to consider life-expectancy estimates and argument never presented at the trial level. Foster urges this Court to consider matters outside the record.
¶ 9. This Court declines to consider matters which were never presented or argued in the trial court and are not part of the record before us today.
This Court will not consider matters that do not appear in the record, and it must confine its review to what appears in the record. Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995) (citing Dillon v. State, 641 So.2d 1223, 1225 (Miss.1994)). Issues cannot be decided based on assertions from the briefs alone. The issues must be supported and proved by the record. Robinson, 662 So.2d at 1104 (citing Ross v. State, 603 So.2d 857, 861 (Miss.1992)).
Pulphus v. State, 782 So.2d 1220, 1224 (Miss.2001). “This Court has long held that it cannot consider that which is not in the record.” Stone v. State, 94 So.3d 1078, 1082 (Miss.2012) (citing State v. Cummings, 203 Miss. 583, 591, 35 So.2d 636, 639 (Miss.1948) (citations omitted)) (“[b]e-ing an appellate court, we take the record as it comes to us, and receive no new evidence here.”), reh’g denied (Aug. 23, 2012); Pratt v. Sessums, 989 So.2d 308, 309-10 (Miss.2008) (citation omitted) (“[w]e cannot consider evidence that is not in the record.”). As recently as September 18, 2014, Justice King, writing for a unanimous Court, refused to consider an order which was not part of the record, stating that the Court would not consider as part of its analysis any information outside the record, even though it appeared that the Court of Appeals had considered the order. Shumake v. Shumake, 147 So.3d 352, 355 (¶ 8) n. 1 (Miss.2014) (citing Hardy v. Brock, 826 So.2d 71, 76 (Miss.2002) (“Mississippi appellate courts may not consider information that is outside the record.”)). In arguing that his sentence exceeds his estimated life expectancy, Foster unequivocally has gone outside the record. Considering “evidence” not presented to the trial court, the dissent by Justice King relies on matters outside the record. Neither the websites referred to by Foster in his brief nor the arguments first presented on appeal will be considered, as neither was presented to the trial court below, and any analysis of these new issues comes solely from matters not in the record before us.
¶ 10. “A contemporaneous objection must be made at trial in order to preserve an issue for appeal.” Cox v. *1016 State, 793 So.2d 591, 599 (Miss.2001) (citing Smith v. State, 530 So.2d 155, 162 (Miss.1988)). “Errors related to improper sentencing are procedurally barred if no objection is made at trial.” Hughes v. State, 983 So.2d 270, 282 (Miss.2008) (citations omitted); Hobgood v. State, 926 So.2d 847, 857 (Miss.2006); Cox, 793 So.2d at 599. In Cox,[3] this Court held that when the defendant failed to object before the trial court that his thirty-year sentence for armed robbery “amount[ed] to” a life sentence, he was barred from doing so on appeal. Cox, 793 So.2d at 598-599. Additionally, “[a] trial judge will not be found in error on a matter not presented to him for decision.” Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995); see also Jones v. State, 606 So.2d 1051, 1058 (Miss.1992); Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988); Ponder v. State, 335 So.2d 885, 886 (Miss.1976). Then-Judge King, writing for the Court of Appeals, recognized the bar in Long v. State, 982 So.2d 1042, 1045 (Miss.Ct.App.2008), holding that a sixty-four-year-old defendant who had failed to object before the trial court that his sentence “amounted to” a life sentence was procedurally barred from raising the issue at the appellate level.
¶ 11. The trial judge was never afforded the opportunity to consider the merits vel non of that issue. Faithful application of our precedent mandates that Foster’s claim of error be denied, not having been preserved for appeal.
¶ 12. This Court does recognize that there are exceptions to a procedural bar for errors affecting certain constitutional rights. Rowland v. State, 98 So.3d 1032, 1036 (Miss.2012) (“[W]e recognized that the State has neither the authority nor the right to subject a person to double jeopardy. We also have recognized exceptions to procedural bars for claims asserting illegal sentence and denial of due process at sentencing.”). This Court will waive a procedural bar related to sentencing only when the error results in an illegal sentence. “[A] sentence is not illegal unless it exceeds the maximum statutory penalty for the crime.” Grayer v. State, 120 So.3d 964, 969 (Miss.2013) (emphasis added). An illegal sentence is one that “does not ‘conform to the applicable penalty statute.’” Id. (citation omitted). “In other words, a sentence is not illegal unless it exceeds the maximum statutory penalty for the crime.” Id. (emphasis added). This sentence did not exceed the maximum statutory penalty. Section 97-3-79 of the Mississippi Code requires a court to sentence a defendant convicted of armed robbery to a term less than life but not less than three years, if the jury does not return a life sentence. Miss.Code Ann. § 97-3-79 (Rev. 2014).
¶ 13. This Court consistently has held that “[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.” Cox, 793 So.2d at 599 (quoting Hoops v. State, 681 So.2d 521, 533 (Miss.1996)). See also Ellis v. State, 326 So.2d 466, 468 (Miss.1976); Ainsworth v. State, 304 So.2d 656 (Miss.1974), and Boone v. State, 291 So.2d 182 (Miss.1974). Furthermore, we have held that a “sen *1017 tence within the limits of the statute is not cruel or unusual.” Clanton v. State, 279 So.2d 599, 602 (Miss.1973); Green v. State, 270 So.2d 695 (Miss.1972).
¶ 14. Foster cites Stewart v. State (Stewart I), 372 So.2d 257 (Miss.1979), for the proposition that he received an illegal sentence. As is stated in Justice Coleman’s special concurrence, no “statutory maximum” is provided in Section 97-3-79. In Stewart I, the Court added the language that a sentence must be “reasonably expected to be less than life.” This language is not found in the statute. Additionally, Stewart I must be read with Stewart v. State (Stewart II), 394 So.2d 1337, 1339 (Miss.1981), to appreciate the Court’s holdings and clear distinctions from today’s case. In Stewart I, the Court found that a seventy-five-year sentence was excessive and remanded the case for resen-tencing. Stewart I, 372 So.2d at 259. In Stewart II, the Court found that a seventy-five-year sentence “amounted to” a sentence twenty-five years longer than Stewart’s cohorts’ estimated life expectancy. Stewart II, 394 So.2d at 1338-39. In Stewart II, the trial court, unlike the trial court in today’s case, was presented with evidence of Stewart’s life expectancy through testimony and a mortality table based on the general population.[4] Stewart appealed once again, and this Court affirmed his sentence of thirty-five years, holding that trial courts “may take judicial notice of mortality tables.” Id. at 1339.
¶ 15. We have addressed the use of life-expectancy tables numerous times and have consistently held these tables can be used as aids in determining sentences, if presented to the trial court. As early as 1937, this Court held that mortality tables can be used as aids to assist the trier of fact. See Tucker v. Gurley, 179 Miss. 412, 176 So. 279, 279 (1937). We are not the trier of fact in today’s case. Recently, we held that life-expectancy charts are of “limited utility” in defining whether a sentence amounts to a life sentence. Johnson v. State, 29 So.3d 738, 745 (Miss.2009). In Johnson, Justice Lamar wrote:
[AJttempts to define precisely at what point a term of years becomes a life sentence ... [are] of limited utility. Estimated life expectancy is just that — an estimate. The reality is that some persons live beyond their life expectancies while others do not. To hold that a defendant’s sentence must be a certain number of years or months less than his life expectancy would place unwarranted emphasis on a number that is itself only a rough approximation.
Johnson, 29 So.3d at 744-45 (citing U.S. v. Martin, 115 F.3d 454, 455 (7th Cir.1997)). Not a single justice disagreed. See also Lindsay v. State, 720 So.2d 182, 186 (Miss.1998), and Henderson v. State, 402 So.2d 325 (Miss.1980).
¶ 16. Where Foster’s argument fails is that none of the cases he cites stands for the proposition that a defendant may stand mute, present no evidence to the trial court, and then claim error on appeal that the trial court did not consider what he did not offer as evidence. Foster offers no excuse for the failure to present such evidence and argument to the trial court to support a claim of error.
¶ 17. In Rogers v. State, 928 So.2d 831 (Miss.2006), this Court held:
As a general rule, this Court cannot disturb a sentence on appeal if that sentence is within the boundaries allowed by the statute. Hoops v. State, 681 So.2d 521, 537 (Miss.1996). Here, the sentence imposed by the trial court was acceptable as it did not exceed the statu *1018 tory limits provided in Miss.Code Ann. § 97-3-65(2). See Wilkerson v. State, 731 So.2d 1173, 1183 (Miss.1999); see also Freshwater v. State, 794 So.2d 274, 277 (Miss.Ct.App.2001); Shabazz v. State, 729 So.2d 813, 822 (Miss.Ct.App.1998). Therefore, Rogers’[s] argument that he was sentenced to more time than was applicable at the time of his offense is without merit.
Rogers, 928 So.2d at 835. Foster, a recidivist, was sentenced to a term of forty years by the trial court. This sentence conforms to the statute, i.e., the trial court did not sentence him to life and the term was more than three years. The trial court did not deviate from the statute when imposing the sentence. We find no abuse of discretion by the trial court.
¶ 18. This case is akin to Lindsay v. State, 720 So.2d 182 (Miss.1998), in which this Court upheld a sentence that likely “amounted to” a life sentence. Lindsay, 720 So.2d at 182-83. In Lindsay, the defendant was convicted of armed robbery and sentenced to fifteen years, ten of which were mandatory. Id. at 183. Lindsay appealed on the grounds that the sentence “amounted to” a life sentence because of his HIV status. Id. at 185. Like Foster, Lindsay did not present any evidence of life expectancy. Id. at 186. This Court upheld the sentence, emphasizing that the defendant’s repeated criminal history and failure to present any evidence as it related to life expectancy outweighed the potential that the sentence “amounted to” a life sentence. Id. This Court also noted that the defendant could not argue life expectancy when he failed to submit any proof from medical journals or any other sources. Id.
¶ 19. This Court repeatedly has upheld sentences that likely “amount to” life sentences. In Tate v. State, 912 So.2d 919, 932-934 (Miss.2005), this Court upheld a sixty-year sentence that “for all practical purposes [amounted to a] life sentence” since the defendant would not be eligible for parole until the age of ninety-nine. The Court held “[t]he Legislature has made its decisions, and we may not impose our own opinion on the issue, absent a constitutional violation which we do not find.” Id. at 934 (emphasis added). In Cannon v. State, 919 So.2d 913, 915 (Miss.2005), this Court upheld a 120-year sentence that “amounted to” a life sentence, even though the trial court made no “on-the-record finding and consideration of his age, health, or life expectancy.” Other sentences that “amount to” a life sentence also have been upheld. Mosley v. State, 104 So.3d 839, 843 (Miss.2012) (upholding a 126-year sentence); Williams v. State, 794 So.2d 181 (Miss.2001), overruled on other grounds by Brown v. State, 995 So.2d 698, 703 (Miss.2008).
¶ 20. “This Court employs the plain-error rule only “when a defendant’s substantive or fundamental rights are affected.’ ” Grayer v. State, 120 So.3d 964, 969 (Miss.2013) (citation omitted). To find plain error, this Court first must determine “ ‘if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether that error has prejudiced the outcome of the trial.’ ” Id. (citation omitted). Under the plain-error doctrine, “there has to be a finding of error, and that error must have resulted in a manifest miscarriage of justice for reversal to occur.” Williams v. State, 134 So.3d 732, 736 (Miss.2014) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). Foster has failed to show any error, much less plain error, or that a miscarriage of justice has been visited upon this twice-convicted felon.
¶ 21. After receiving all evidence, the trial court found that forty years was a proper and legal term based on the “seri *1019 ousness of the crime [armed robbery of two bank tellers], the impact on the victims [job loss and ‘ever present nightmare’], prior conviction for aggravated assault [violent propensity] and his age of thirty-five.” The trial judge made explicit reference to petitioner’s age, contrary to petitioner’s argument on appeal. The sentence is not an excessive sentence.[5]
¶22. The trial court articulated and followed the correct standard. The learned trial judge weighed evidence before him and meted out a fair and reasonable term (not life) sentence. Drawing on the wealth of his experience as a trial judge, Judge Johnson utilized his discretion and imposed a forty-year sentence. After receiving all evidence offered at the sentencing hearing, the trial court found that forty years was a proper and legal sentence. The trial court’s holding does not reveal a “manifest miscarriage of justice.”
¶ 23. The forty-year sentence received by petitioner, a twice-convicted felon of armed robbery and aggravated assault, is not constitutionally infirm, nor does it exceed the trial court’s sentencing authority provided by Section 97-3-79 of the Mississippi Code. Given that the sentence is permissible under the Code and our state and federal Constitutions, there exists no basis to declare it illegal post-factum. A trial judge has the discretion to consider all relevant and pertinent factors when fixing a sentence. It is incumbent on the defendant to introduce evidence of mitigating factors or circumstances to seek reduction of the term within the statutory scheme.

CONCLUSION

¶ 24. “Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, subject only to statutory and constitutional limitations.” Jackson v. State, 551 So.2d 132, 149 (Miss.1989) (emphasis added). The sentence received by Foster, a recidivist of violent crimes, is not constitutionally infirm, nor does it exceed the trial court’s sentencing authority. Given that the sentence is permissible under the Mississippi Code and our state and federal Constitutions, there exists no basis to accept Foster’s argument that his sentence is illegal. As the sentence imposed by the learned trial judge and affirmed by the Court of Appeals was and is a legal sentence, we affirm.
¶ 25. CONVICTION OF ARMED ROBBERY AND SENTENCE OF FORTY (40) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT SHALL RECEIVE FULL CREDIT FOR TIME ALREADY SERVED. APPELLANT SHALL PAY ALL COURT COSTS AND FEES.
WALLER, C.J., LAMAR AND PIERCE, JJ., CONCUR. COLEMAN, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY DICKINSON AND RANDOLPH, P.JJ., AND PIERCE, J. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY CHANDLER, J. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.; DICKINSON, P.J., JOINS IN PART.
*1020 [[Image here]]

. At sentencing, one of the victims provided the following impact statement:
... Mr. Foster, you have been a every present nightmare in my life since December 2 at 2:26 when you sailed over that cubby and knocked me out of my chair. Never in a million years would I think that anybody in as evil of a world that we live in could be so callous as to do what you did with no concern.... You didn't have to bully us and knock me out of my chair and give me nightmares since December the 2nd. Because of you, I locked myself up in my house for two weeks. I quit a job that I absolutely loved.... You didn't just hurt me. You hurt my family. You hurt my friends. You hurt our belief in people, and I am not going to let you do that anymore. ...

. Foster v. State, 148 So.3d 1045, 2013 WL 1200263 (Miss.Ct.App. March 26, 2013).

. The BCing dissent attempts to distinguish the case sub judice from Cox because the defendant in Cox provided no evidence of life expectancy. (BCing Dis. Op. ¶ 44). This is a distinction without a difference, since this petitioner provided no evidence of life expectancy to the trial court at any stage of the proceeding. As stated supra, the proper avenue ior submitting evidence to this Court is to first submit the evidence to a trial court, where it becomes part of the record reviewed by this Court. Merely providing a website address in an appellate brief can hardly be considered "evidence” (BCing Dis. Op. ¶ 44) and is viola-tive of the appeals process.

. The table used in Stewart II is attached as Appendix A.

. Petitioner’s thirty-one-year-old accomplice received a forty-year term sentence which was unanimously affirmed. See Wilson v. State, 102 So.3d 1200 (Miss.Ct.App.2012).