# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01170-COA

DILLON WILLIAMS A/K/A DILLON D.                          APPELLANT
WILLIAMS A/K/A DILLON DEWAYNE
WILLIAMS A/K/A DILLION WILLIAMS A/K/A
DILLION DEWAYNE WILLIAMS

v.

STATE OF MISSISSIPPI                                     APPELLEE

DATE OF JUDGMENT:             07/11/2014
TRIAL JUDGE:                  HON. ROBERT WILLIAM ELLIOTT
COURT FROM WHICH APPEALED:    MARSHALL COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      DAVID G. HILL
                              TIFFANY LEIGH KILPATRICK
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      MOTION FOR POST-CONVICTION RELIEF
                              DENIED
DISPOSITION:                  AFFIRMED - 03/22/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

        EN BANC.

        WILSON, J., FOR THE COURT:

¶1.     The circuit court denied Dillon Williams's third motion for post-conviction relief

(PCR) as procedurally barred pursuant to Mississippi Code Annotated sections 99-39-21(1)

and 99-39-23(6) (Rev. 2015). Williams argues that his claim is excepted from the procedural

bars of the Uniform Post-Conviction Collateral Relief Act because his sentence is "illegal."

*See Rowland v. State*, 42 So. 3d 503, 507-08 (¶¶12-15) (Miss. 2010). We conclude that

Williams's sentence is legal. Therefore, his claim is procedurally barred, and we affirm the

circuit court's denial of his PCR motion.

## FACTS AND PROCEDURAL HISTORY

¶2.     On the morning of January 26, 2010, Williams knocked on the door of Pasquealeen Crum's home in Byhalia.  Crum was ninety-one years old at the time.  When Crum opened the door, Williams pushed his way inside and hit her in the head, knocking her to the ground. After Crum "laid on the floor and made like [she] was dead," Williams and an accomplice moved to other rooms of the house looking for things to steal.  Crum then crawled to the porch and tried to use her cell phone to call her granddaughter, but Williams found her there. He dragged her back inside the house by her neck and beat her severely.  He knocked out her teeth and inflicted numerous injuries.  Crum suffered a fractured jaw, a broken eye socket, and a fractured shoulder.  She has permanent nerve damage to her face, can no longer use her left arm, and has difficulty walking.  At Williams's sentencing hearing, Crum and relatives testified that the attack changed Crum's life and that she has not recovered from it emotionally or physically.

¶3.     The grand jury returned a three-count indictment against Williams.  Count I charged burglary of the home of Crum's son Johnny, who lives down the road from Crum.  Williams apparently burglarized Johnny's home just before Crum's home.  Count II charged burglary of Crum's home under circumstances likely to terrorize Crum, punishable by imprisonment for a minimum of ten years and a maximum of twenty-five years.  Count II further charged that Williams committed the offense against a person over the age of sixty-five, thereby triggering the enhanced punishment provisions of Mississippi Code Annotated sections 99-

2

19-351 and 99-19-357 (Rev. 2015), which authorize the court to impose a sentence of twice the term of imprisonment otherwise authorized by law. Count III of the indictment charged Williams with aggravated assault of Crum, punishable by imprisonment for a maximum term of twenty years. Count III also charged Crum under sections 99-19-351 and 99-19-357.

¶4. On November 10, 2010, Williams pled guilty to counts II and III, and count I was retired to the files. Before accepting Williams's plea, the court advised him of his right to a trial by jury, and Williams confirmed that he understood that he was waiving that right. The court also questioned Williams as follows:

Court: [B]urglary of a dwelling, home invasion carries with it 25 years and if that penalty is enhanced, of course it could be 50 years and with your aggravated assault it carries with it 20 years and if enhanced it could carry with it 40 years; you understand that?

Williams: Yes, sir.

With respect to the aggravated assault charge, the court questioned Williams as follows:

Court: [I]n Count III [the State] would have to prove that [you] . . . did unlawfully, willfully, feloniously, purposely and knowingly cause serious bodily injury to Pat Crumb [sic] by violently striking, punching Pat Crumb [sic] in violation of the law and against the peace and dignity of the State of Mississippi and that Pat Crumb [sic] at that time was over the age of sixty-five, did you do that?

Williams: Yes, sir.

Court: Do you know of any reason why I should not accept your plea of guilty?

Williams: No[,] sir.

Court: Are you telling me that you are pleading guilty because you are guilty and for no other reason?

Williams:   Yes, sir.

The court then accepted Williams's guilty plea and granted his attorney's request to continue sentencing for a month so that a pre-sentence investigation report could be prepared.

¶5.    Williams's sentencing hearing was held on December 16, 2010. Williams, his grandmother, Crum, and three of Crum's relatives testified. When asked if he had anything to say to Crum or her family, Williams said, "I would just like to say I'm sorry. I ask for forgiveness. I hope she gets well." He asked the court for "mercy . . . and . . . one more chance." Williams then refused to answer the assistant district attorney's questions, seemingly only because he did not want to. Crum and her relatives testified regarding the attack and its lasting effects on her. Crum and relatives testified that she was ninety-one years old at the time of the attack.

¶6.    The circuit judge sentenced Williams to twenty-five years' imprisonment for burglary and twenty years' imprisonment for aggravated assault. The judge then observed that both charges carried the possibility of an enhancement of up to twice the sentence otherwise authorized, and he applied the enhancement to the aggravated assault sentence, increasing it to forty years' imprisonment. The judge ordered the sentences to run consecutively for a total sentence of sixty-five years' imprisonment. Williams voiced no objection to the sentence or the procedures under which it was imposed.

¶7.    The circuit court dismissed Williams's first PCR motion in 2012 and dismissed his second PCR motion in 2013. Williams appealed the dismissal of the second motion, and this Court affirmed. *Williams v. State*, 126 So. 3d 992, 999 (¶23) (Miss. Ct. App. 2013). In the

4

second motion, Williams alleged that his aggravated assault sentence was illegal, although on different grounds than in his present motion.

¶8.     In November 2013, Williams filed his third PCR motion and alleged for the first time that his sentence is illegal because a jury was not impaneled to find that his conviction for aggravated assault was subject to a sentencing enhancement. Williams relies on Mississippi Code Annotated section 99-19-355 (Rev. 2015), a somewhat unusual statute that, in relevant part, provides as follows:

> Upon conviction or adjudication of guilt of a defendant where notice has been duly given that an enhanced penalty will be sought as provided in Sections 99-19-351 through 99-19-357, the court shall conduct a separate sentencing proceeding to determine the sentence. . . . [I]f the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and waives trial by jury for the sentencing proceeding, the sentencing proceeding shall be conducted before the trial judge sitting without a jury.

Miss. Code Ann. § 99-19-355(1). Williams argues that because he never waived a jury for his sentencing hearing, his constitutional and statutory rights to a jury trial were violated. The circuit court denied Williams's motion, finding that it was procedurally barred as a second or successive PCR motion and because Williams's claim could have been raised at the time of sentencing.

## ANALYSIS

¶9.     The circuit court correctly denied Williams's PCR motion as procedurally barred for two separate reasons. First, Williams's present claim was "capable of determination" at the time of his sentencing. Miss. Code Ann. § 99-39-21(1). Williams's right to a sentencing jury was plainly stated in the above-quoted statute; thus, the "legal foundation" of the claim was

5

readily available to him when he was sentenced. *Id.* § 99-39-21(4). Williams's failure to raise the issue at that time precludes him from raising the issue in a PCR motion. *Id.* § 99-39-21(1). Second, Williams's claim is barred because it is raised in a second or successive PCR motion. *Id.* § 99-39-23(6).

¶10. Williams argues that he is not subject to these procedural bars because his sentence is "illegal." *See Rowland*, 42 So. 3d at 507-08 (¶¶12-15). However, the Supreme Court has held that a "sentence is not illegal unless it exceeds the maximum *statutory* penalty for the crime." *Foster v. State*, 148 So. 3d 1012, 1016 (¶12) (Miss. 2014) (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)). In *Foster*, the defendant contended that his forty-year sentence for armed robbery was "illegal" because it exceeded his life expectancy; and, under a longstanding interpretation of the armed-robbery statute, unless the jury agrees to impose a life sentence, the judge must impose a sentence "reasonably expected to be less than life." *See id.* at 1017 (¶14). However, the Supreme Court rejected Foster's argument that his sentence was illegal. The Supreme Court emphasized that his "sentence did not exceed the maximum *statutory* penalty," as the statute permitted any sentence "less than life but not less than three years." *Id.* at 1016 (¶12). Thus, Foster's claim was only that the trial court had misapplied the statute. That claim was subject to procedural bars and had been waived. The sentence itself was not "illegal."

¶11. The same is true in this case. The maximum statutory penalty for aggravated assault on an elderly victim is forty years' imprisonment. *See* Miss. Code Ann. §§ 97-3-7(2) (Supp. 2015) & 99-19-357. Williams does not dispute that even if he is granted a new sentencing

hearing, he may ultimately receive the same forty-year sentence. That alone ought to show that Williams's sentence is not "illegal" and that his argument is in reality a procedural objection to a substantively legal sentence.

¶12. As set out above, the transcript of Williams's plea hearing shows that he admitted that he violently, purposefully, and willfully beat a ninety-one-year-old woman. He pled guilty to count II and count III, both of which specifically charged that he was subject to the sentencing enhancement. The court specifically discussed the sentencing enhancement and its consequences, and Williams confirmed that he understood. Williams never once suggested, at either his plea hearing or his sentencing hearing a month later, that the enhancement did not apply to the conduct to which he pled guilty. The statute clearly provided that Williams could insist on a jury hearing with respect to the enhancement if he so desired, yet he never asked for a jury. That he did not is certainly understandable given the facts of the crimes to which he pled guilty and the age of the victim. Moreover, the statute does not prohibit a sentencing hearing before the judge alone; it only gives the defendant the option of a jury, which he may waive. From the record, one cannot avoid the conclusion that Williams intended to waive a jury and intended to plead guilty to both the substantive offenses of burglary and aggravated assault and the sentencing enhancement.

¶13. Given the unique procedure set out in section 99-19-355, it would have been better for the circuit judge to confirm specifically on the record that Williams did not want a sentencing jury. But this omission does not render Williams's sentence "illegal." The sentence itself is legal because does not "exceed[] the maximum *statutory* penalty for the

7

crime." *Foster*, 148 So. 3d at 1016 (¶12) (quoting *Grayer*, 120 So. 3d at 969 (¶16)). Williams only challenges the procedure under which his legal sentence was imposed. That claim is procedurally barred because Williams sat through his plea hearing and, a month later, his sentencing hearing without ever mentioning a sentencing jury. *See* Miss. Code Ann. § 99-39-21(1). It is also barred because he failed to raise the issue in either of his first two PCR motions. *See id.* § 99-39-23(6). Accordingly, the circuit court properly denied Williams's third PCR motion.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**GRIFFIS, P.J., BARNES, ISHEE, FAIR AND GREENLEE, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., IRVING, P.J., AND CARLTON, J.**

**JAMES, J., DISSENTING:**

¶15. I would find that the circuit court lacked jurisdiction to enhance the sentence for the charge of aggravated assault, making the forty-year sentence illegal; therefore, I respectfully dissent.

¶16. Successive motions are generally barred under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). Miss. Code Ann. § 99-9-23(6) (Rev. 2015). Under section 99-39-23(6), all successive motions are barred if the prisoner has previously filed a PCR motion. *Evans v. State*, 75 So. 3d 1119, 1120 (¶5) (Miss. Ct. App. 2011). Because Williams's present PCR motion is a successive writ, this Court must look to see whether an exception to the procedural bar applies.

8

¶17.    It is well established that errors affecting fundamental rights are excepted from the procedural bars of the UPCCRA. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). Williams, however, bears the burden of proving by a preponderance of the evidence that his claims are not procedurally barred. *Adams v. State*, 954 So. 2d 1051, 1052 (¶6) (Miss. Ct. App. 2007). Williams alleges that his sentence for aggravated assault is illegal because the court did not have jurisdiction to impose the sentence since he never waived his right to a sentencing jury.

¶18.    The right to be free from an illegal sentence or a sentence imposed by a court lacking jurisdiction is a fundamental right. *See Ivy v. State*, 731 So. 2d 601, 603 (¶¶9-17) (Miss. 1999); *Kennedy v. State*, 626 So. 2d 103, 105 (Miss. 1993). With that in mind, section 99-19-355(1) of the Mississippi Code Annotated (Rev. 2015) provides in pertinent part:

> If trial by jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and waives trial by jury for the sentencing proceeding, the sentencing proceeding shall be conducted before the trial judge sitting without a jury. . . . The state and the defendant, or his counsel, or both defendant and counsel, shall be permitted to present arguments for or against any sentence sought.

Section 99-19-355 states that a sentencing proceeding should not be conducted before the court unless the defendant waives his right to have the sentencing proceeding conducted before a jury. Since the State sought to enhance Williams's sentence due to the advanced age of the victim, section 99-19-355 applies.

¶19.    Williams's plea colloquy provides in part:

> THE COURT:    But by signing these petitions here under your oath, telling me under your oath that you have had free

9

consultation with your lawyer, telling me under your oath that you are satisfied with what your layer has done for you, you waive or you give up that right to a trial by a jury, do you understand that, Mrs. Drake?[1]

DRAKE:  Yes, sir.

. . . .

THE COURT:  Do you understand that Mr. Williams?

WILLIAMS:  Yes, sir.

¶20.  Williams never waived his right to have a jury empaneled for sentencing purposes as required by statute.  While Williams did waive his right to a jury for purposes of deciding guilt, he did not do the same for the purpose of being sentenced.  The circuit court consequently lacked jurisdiction to impose any enhancement, rendering Williams's sentence illegal.  Accordingly, the present PCR is not procedurally barred.  I, however, must point out that only Williams's sentence for aggravated assault was enhanced.  And for these reasons, I would reverse and remand this matter for a sentencing hearing to be conducted before a jury only for the aggravated assault charge, if it is not waived by Williams.

¶21.  As such, I find that the judgment of the circuit court dismissing the PCR motion should be reversed and remanded for a sentencing hearing to be conducted before a jury for only Count III, aggravated assault.

**LEE, C.J., IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION.**

---

[1] The record reflects that the trial court heard plea agreements for several defendants, not just Williams, within this one hearing.