# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00817-COA

**DILLON DEWAYNE WILLIAMS A/K/A DILLON WILLIAMS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2024 |
| TRIAL JUDGE: | HON. GRADY FRANKLIN TOLLISON III |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES A. WILLIAMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 09/09/2025 |
| MOTION FOR REHEARING FILED: | |

### BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     In 2010, Dillon Williams pled guilty to burglary of a dwelling under circumstances likely to terrorize an occupant and aggravated assault with a sentencing enhancement because the victim was age sixty-five or older. The court sentenced him to consecutive terms of twenty-five years and forty years in the custody of the Department of Corrections.

¶2.     Williams later filed a motion for post-conviction relief (PCR) that the trial court summarily dismissed as without merit. Williams filed a second PCR motion that the trial court dismissed as an impermissible successive PCR motion. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2020). This Court affirmed the dismissal on appeal. *Williams v. State*, 126

So. 3d 992, 994 (¶1) (Miss. Ct. App. 2013). Williams then filed a third PCR motion that the trial court again denied based on the successive-motions bar. This Court and the Mississippi Supreme Court affirmed the dismissal on appeal. *Williams v. State*, 218 So. 3d 1190, 1191 (¶1) (Miss. Ct. App. 2016), *aff'd*, 222 So. 3d 265, 266 (¶1) (Miss. 2017).

¶3. In 2023, Williams filed a fourth PCR motion. The trial court dismissed the petition, citing Mississippi Code Annotated section 99-39-7 (Rev. 2020). The trial court stated that because Williams's "conviction and sentence were affirmed by the Mississippi Supreme Court on May 11, 2017," Williams was "required to seek leave of the Mississippi Supreme Court to file a [PCR] motion . . . in the trial court." Williams filed a notice of appeal.

¶4. Section 99-39-7 provides:

> [A PCR] motion . . . shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, [a PCR] motion . . . shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

¶5. Williams's convictions and sentences were not appealed to or affirmed by the Mississippi Supreme Court or this Court. Rather, Williams's prior appeals were from orders denying PCR motions. Therefore, Williams was not required to seek leave from the Supreme Court before filing a PCR motion in the trial court,[1] and the trial court erred by dismissing Williams's fourth PCR motion pursuant to section 99-39-7.

---

[1] *See Hyland v. State*, 401 So. 3d 1056, 1057-58 (¶¶2-9) & n.1 (Miss. Ct. App. 2024), *cert. denied*, 401 So. 3d 1029 (Miss. 2025).

¶6.    Despite the trial court's error, the State urges us to affirm the trial court's decision based on the successive-motions bar and the three-year statute of limitations. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2020).  However, our Supreme Court has held that when a trial court erroneously dismisses a PCR motion for lack of "jurisdiction," this Court "should not . . . address[] the merits of [the] motion" on appeal.  *Graham v. State*, 85 So. 3d 847, 850 (¶6) (Miss. 2012).  Rather, once this Court finds "that the circuit court improperly . . . denied jurisdiction," this Court must "remand[] [the] matter to the circuit court for further consideration on the merits of [the] motion." *Id.*  As the Court explained in *Graham*, when the underlying conviction and sentence were not appealed, "the circuit court has exclusive, original jurisdiction to consider the merits of [the PCR] motion." *Id.* at (¶5).  Therefore, we reverse the decision of the trial court and remand the case for the trial court to address Williams's PCR motion.

¶7.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**